**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| **LEDO PIZZA SYSTEM, INC**. | : | |
| 41 Solomons Island Road, Suite 201 | | |
| Annapolis, Maryland 21401 | : | |
| | | |
| and | : | |
| | | |
| **LEDO PIZZA CARRYOUTS, INC.** | : | |
| 2015 La Porte Dr. | | |
| Palm Beach Gardens, FL 33410 | : | |
| | | |
| Plaintiffs | : | |
| | | |
| v. | : | Civil Action No.:_____ |
| | | |
| **ABDUR ROB** | : | |
| 814 H. Street, NE | | |
| Washington, DC 20002 | : | |
| | | |
| and | : | |
| | | |
| **ROB BEVERAGE II, LLC** | : | |
| 814 H. Street, NE | | |
| Washington, DC 20002 | : | |
| | | |
| And | : | |
| | | |
| **ROB BEVERAGE III, LLC** | : | |
| 1400 Irving Street, NW #109 | | |
| Washington, DC 20010 | : | |
| | | |
| Defendants | : | |

_____

## <u>VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES</u>

<u>Introduction</u>

1.     Plaintiff, Ledo Pizza System, Inc. ("System") is registered and duly incorporated under the laws of Maryland.

2.      System's principal place of business is located in Annapolis, Maryland.

3.      System is engaged in the business of restaurant franchising throughout the Mid-Atlantic Region and Eastern Seaboard of the United States.

4.      Plaintiff, Ledo Pizza Carryouts, Ltd. ("Carryouts") is registered and duly incorporated under the laws of the State of Florida.

5.      Upon information and belief, Abdur Rob ("Mr. Rob" or "Franchisee") is a resident of the District of Columbia, with an address of 814 H. Street, NE, Washington, DC 20002.

6.      Upon information and belief, Rob Beverage II, LLC, ("Beverage II") is a District of Colombia limited liability company registered under the laws of District of Columbia.

7.      Upon information and belief, Beverage II's principal place of business is located 814 H. Street, NE, Washington, DC 20002.

8.      Upon information and belief, Rob Beverage III, LLC, ("Beverage III") is a District of Colombia limited liability company registered under the laws of District of Columbia. (Mr. Rob, Beverage II, and Beverage III are together referred to as "Defendants")

9.      Upon information and belief, Beverage III's principal place of business is 1400 Irving Street, NW #109, Washington, DC 20010.

10.     Carryouts is the owner of the trademark/servicemark, "LEDO PIZZA®," which has been continually used in Maryland since 1955; was registered in the State of Maryland in 1986; and federally registered with the United States Patent and Trademark Office Principal Register on December 13, 1988 (Reg. No. 1,516,567).

11.     By license agreement, Carryouts licensed System to use the Ledo Pizza trademark and related intellectual property in the sale of franchised restaurants operating under the name

"LEDO PIZZA," "LEDO PIZZA AND PASTA," "LEDO PIZZA AND SUBS," or any other derivation thereof.

12.    By virtue of Plaintiffs' continuous use and federal trademark registration of the name, "LEDO PIZZA®," Plaintiffs own "LEDO PIZZA," "LEDO PIZZA AND PASTA," "LEDO PIZZA AND SUBS," or any other derivation thereof.

13.    Plaintiffs' distinctive "LEDO PIZZA®" trademark has acquired a secondary meaning associated with quality pizza and pasta.

14.    Ledo Pizza is a special type of pizza.  It uses a secret recipe, proprietary ingredients and a distinctive rectangular method of presentation, all developed and marketed by Ledo since 1955.

15.    System has developed a line of proprietary products, including subs, salads and Italian entrees (collectively the "Proprietary Products") which use trade secrets developed by System.

16.    The acts of the Defendants occurred in interstate commerce, affect interstate commerce and adversely affect Plaintiffs interstate business.

17.    The Court's jurisdiction over this action is predicated upon 15 U.S.C. §1121.

18.    The Defendants delivery to the Plaintiff of royalty fees and advertising contributions in the State of Maryland and their performance of the Franchise Agreements constitute a "persistent course of conduct in Maryland" therefore giving this Court personal jurisdiction pursuant to *Choice Hotels Int'l, Inc. v. Madison Three, Inc.*, 23 F. Supp. 2d 617 (D. Md. 1998).

<u>Background</u>

19.    The Plaintiff fully incorporates the factual allegations of the foregoing paragraphs.

20.     Mr. Rob is the owner and operator of two separate Ledo franchises in Washington, DC.

21.     On or about January 22, 2018, Mr. Rob and System entered into a Standard Franchise Agreement (the "Franchise Agreement") for the operation of a Ledo Pizza® franchise carry-out and eat-on-premises restaurant located at 814 H. Street, NE Washington, DC 20022 (the "H. Street Business"), the location granted a franchise under the Franchise Agreement is referred to as the "H. Street Business Premises").   See Franchise Agreement attached hereto and incorporated as Plaintiffs' **Exhibit 1.**

22.     On or about January 22, 2018, Mr. Rob and System entered into a Franchisee Conditional Sublicense of Operating Rights Agreement (the "Operating Rights Agreement") which sublicensed the operating rights under the Franchise Agreement to Beverage II. See Operating Rights Agreement attached hereto and incorporated herein as Plaintiffs' **Exhibit 2.**

23.     On or about November 7, 2019, Mr. Rob and System entered into another Standard Franchise Agreement ("the Second Franchise Agreement") for the operation of a Ledo Pizza® franchise carry-out and eat-on-premises restaurant located at 1400 Irving Street, NW #109, Washington, DC 20010 (the "Irving Street Business"), the location granted a franchise under the Second Franchise Agreement is referred to as the "Irving Street Business Premises").   See Second Franchise Agreement attached hereto and incorporated as Plaintiffs' **Exhibit 3.**

24.     On or about November 7, 2019, Mr. Rob and System entered into a Second Franchisee Conditional Sublicense of Operating Rights Agreement (the "Second Operating Rights Agreement") which sublicensed the operating rights under the Second Franchise Agreement to Beverage III. See Second Operating Rights Agreement attached hereto and incorporated herein as Plaintiffs' **Exhibit 4.**

4

25.     Pursuant to paragraphs 2, 21 and 24 of the Franchise Agreement and the Second Franchise Agreement (collectively "Franchise Agreements"), System granted a license to Mr. Rob for the use of certain Trademarks, Servicemarks, Copyrights, Trade Name, Trade Dress, Logos, Commercial Symbols and Trade Secrets.

26.     Paragraph 8 of the Operating Rights Agreement and Second Operating Rights Agreement (collectively "Operating Rights Agreements") permits a corporation or other legal entity to operate the franchise and provides that "the Franchisee shall continue to be fully and directly responsible to Ledo Pizza System for the performance of all obligations, duties and liabilities… under the Standard Franchise Agreement."

27.     Pursuant to Paragraph 10 of the Operating Rights Agreements, Beverage II, and Beverage III guaranteed full, prompt and complete performance by the Franchisee of all obligations, duties and liabilities of Mr. Rob under the Franchise Agreements.

<u>Termination of the Franchise Agreements</u>

28.     The Plaintiff fully incorporates the factual allegations of the foregoing paragraphs.

29.     Defendants were sent several Notices of Default relating to the H. Street Business and Irving Street Business (together the "Franchise Businesses").

30.     On September 27, 2022, a first Notice of Default under the Franchise Agreement (the "First Notice") was sent to Defendants via certified mail, return receipt requested and regular mail. See First Notice attached hereto and incorporated herein as Plaintiffs' **Exhibit 5.**

31.     The First Notice outlined that Defendants were in default under the Franchise Agreements and demanded that those defaults be cured.

32.     Defendants failed to cure the defaults set forth in the First Notice.

33.     On October 20, 2022, a second Notice of Default under the Franchise Agreement

(the "Second Notice") was sent Defendants via certified mail, return receipt requested and regular mail.  See Second Notice attached hereto and incorporated herein as Plaintiffs' **Exhibit 6.**

34.    The Second Notice again outlined Defendants' default under the Franchise Agreements and demanded that those defaults be cured.

35.    Defendants failed to cure the defaults set forth in the Second Notice.

36.    On October 24, 2022, a third Notice of Default under the Franchise Agreement (the "Third Notice") was sent to Defendants via certified mail, return receipt requested and regular mail. See Third Notice attached hereto and incorporated herein as Plaintiffs' **Exhibit 7.**

37.    The Third Notice outlined several defaults by Defendants under the Franchise Agreements and the Operating Rights Agreements and demanded that those defaults be cured.

38.    Defendants again failed to cure the defaults set forth in the Third Notice.

39.    On or about November 9, 2022, Defendants were sent via certified mail, return receipt requested and regular mail, a Notice of Termination under the Franchise Agreement (the "Notices of Termination").  See Notices of Termination attached hereto and incorporated herein as Plaintiffs' **Exhibit 8.**

40.    Pursuant to the Notices of Termination, System indicated that the termination of the Franchise Businesses was effective December 9, 2022.

41.    The Notices of Termination advised the Defendants of their obligations upon termination of the Franchise Agreements under Paragraphs 31.1 and 33.2 of the Franchise Agreements.

42.    Pursuant to paragraph 31.1 of the Franchise Agreements and upon termination of the Franchise Agreements for *any* reason, the Defendants agreed to the following:

(1)    To pay to Ledo Pizza System within Seven (7) days after the date of issuance of a notice of termination or expiration of

the term of this Agreement including any renewal terms, any royalty fees, advertising contributions and other charges as have or will thereafter become due hereunder and which remain unpaid;

(2)     To immediately return to Ledo Pizza System all copies of the Operating Manual and all other information (including all copies thereof) concerning the operation of the *Ledo Pizza®* Store which have been lent to it by Ledo Pizza System;

(3)     To take such action as may be required to cancel all assumed name or equivalent registration relating to the use of any Mark and to notify the telephone company and all listing agencies of the termination or expiration of the Franchisee's right to use all telephone numbers and all classified and other directory listings and to authorize the same to transfer to Ledo Pizza System or its designee, all telephone numbers and directory listings of the *Ledo Pizza®* Store.  The Franchisee and  Ledo Pizza System agree that Ledo Pizza System has the sole rights to and interest in all telephone numbers and directory listings associated with any Mark and the Franchisee authorizes Ledo Pizza System to direct the telephone company and all listing agencies to transfer any such numbers to Ledo Pizza System should the Franchisee fail or refuse to do so and the telephone company and all listing agencies may accept such direction or this Agreement as conclusive evidence of the exclusive rights of Ledo Pizza System in such telephone numbers and directory listings and its authority to direct their transfer;

(4)     If Ledo Pizza System does not assume possession of the premises occupied by the Franchisee's *Ledo Pizza®* Store, the Franchisee agrees that upon termination or expiration of the franchise, it will at its own expense, make such reasonable modifications in the exterior and interior decor thereof as Ledo Pizza System deems required to eliminate or minimize its identification as a *Ledo Pizza®* Store.  Such modifications may include the cessation of the use of the cream and green colors prescribed by the Ledo Pizza® Construction Manual, including such colors on counter and table tops and awnings, the removal of all smallwares prescribed by Ledo Pizza System, the removal of the menu board, the removal of all pizza pans used to prepare Ledo® pizza, the remodeling of the premises to remove separate interior or exterior entrances for carryout and dine-in service, the remodeling of the premises to remove the carry-out counter area and pass-through window and the removal of all decorations in any manner identifying the premises as a *Ledo Pizza®* Store.  If the Franchisee fails to comply with this obligation, Ledo Pizza System has the right to enter upon the premises and to make such modifications at the Franchisee's

expense, without committing any trespass or other illegal act, and Ledo Pizza System will not be liable in any manner to the Franchisee for so doing.

(5)     The Franchisee agrees that after the termination or expiration of the franchise, it will not directly or indirectly in any manner identify itself, the premises which were occupied by the *Ledo Pizza®* Store, or any business of the Franchisee as a *Ledo Pizza®* Store, a former *Ledo Pizza®* Store, or a Franchisee of or otherwise associated with *Ledo Pizza®* or use in any manner for any purpose any Mark or other indicia of a *Ledo Pizza®* Store. In connection with the foregoing, the Franchisee covenants that, for a period of Two (2) years commencing on the effective date of termination or expiration of this Agreement, the Franchisee shall not, at the premises, either directly or indirectly, for himself or through, on behalf of or in conjunction with any person, partnership or corporation, own, engage in, be employed by, advise, assist, consult, manage, invest in, franchise, make loans to, or have any other interest in, sell pizza, pasta, sandwiches, subs or other food items which are the same as or confusingly similar to those food items sold by the Franchisee or other *Ledo Pizza®* Stores immediately prior to the termination or expiration.

(6)     Ledo Pizza System shall have the right, title and interest in and to any sign, sign faces, menus or other item bearing the Marks.  Franchisee hereby acknowledges Ledo Pizza System's right to access and enter the Franchisee's *Ledo Pizza®* Store should Ledo Pizza System elect to take possession of any item bearing the Marks or should Franchisee fail or refuse to deliver to Ledo Pizza System, immediately upon Ledo Pizza System's request, any such item.

43.     Pursuant to paragraph 33.2 of the Franchise Agreements, if the Franchise Agreements are terminated by System in accordance with the terms of the Franchise Agreements, the Defendants agreed to not, for a period of two (2) years, sell food or related products at the Business Premises or within 10 miles thereof.

44.     Pursuant to paragraph 32.1 of the Franchise Agreements, upon any termination or expiration of the franchise… "Ledo Pizza System shall have the option, but not the obligation, to purchase all of the operating assets of the Ledo Pizza ®Store, including but not limited to, all

8

equipment, inventory, supplies, furniture, fixtures, decorations, all transferable business licenses and permits, existing telephone numbers used in the operation of the Ledo Pizza ® Store, leasehold interests and improvements and favorable rights and covenants of Ledo Pizza ® Store."

45.     On or about December 13, 2022, System, Rob, Beverage II and Beverage III, entered into Forbearance Agreements for each of Irving Street and H. Street Businesses, respectively (the "Forbearance Agreements").

46.     Pursuant to the Forbearance Agreements in lieu of immediately enforcing the rights and remedies with respect to termination of the Franchise Agreements and Operating Rights Agreements, System offered to forbear from exercising such rights until March 1, 2023. See Forbearance Agreements attached hereto and incorporated herein as Plaintiffs' **Exhibit 9.**

47.     The purpose of the Forbearance Agreements was to provide Defendants with time to either locate a purchaser of the assets of both the H. Street Business and Irving Street Business or, in the alternative, to provide for an orderly disposition of the assets of Franchise Businesses.

48.     Pursuant to Paragraph 3 of the Forbearance Agreements, Defendants were required to take certain actions under the Franchise Agreements not later than March 1, 2023, including, but not limited to:

> 3.1  Return all copies of the Ledo Pizza Operating Manual.

> 3.2  Cancel all assumed name or equivalent registrations relating to the use of any Mark, as that term is defined in the Franchise Agreement.

> 3.3  Notify the telephone company and all listing agencies, including classified and other directory listing, of the termination of your right to use any Ledo Pizza trademark or trade dress.

> 3.4  Authorize the telephone company and listing agencies to transfer all telephone numbers and directory listings to Ledo Pizza System.

> 3.5  Remove all signs and other interior and exterior décor associated with Ledo Pizza System's trademark or trade dress.

Case 1:23-cv-00848-GLR   Document 1   Filed 03/28/23   Page 10 of 29

3.6   Immediate payment to Ledo Pizza System of all royalty fees, advertising contributions, and other charges and fees under the Franchise Agreement as are now or shall in the future become due and payable…

49.    Defendants have failed and refused to comply with these provisions and, as a result, remain in default of both the Franchise and Forbearance Agreements.

50.    Defendants, continue to operate the Business in violation of the Franchise Agreements, the Operating Rights Agreements, and the Forbearance Agreements, as amended.

51.    Upon information and belief, Defendants have not paid the amounts due to System.

52.    Upon information and belief, Defendants have not transferred the Franchise Businesses telephone numbers to System.

53.    Upon information and belief, Defendants have continued to operate the Franchise Businesses as a Ledo Pizza® franchise in violation of Plaintiffs' federally protected service mark.

54.    Upon information and belief, Defendants continue to operate a food or related products carry-out business at the Franchise Businesses premises in violation of paragraph 33.2.

55.    Upon information and belief, Defendants continue to commercially produce and sell pizza using trade secrets developed by the Plaintiffs.

56.    Upon information and belief, Defendants continue to offer products and services which are confusingly similar to the products and services offered at Ledo Pizza® franchise locations.

57.    Upon information and belief, Defendants continue to produce and sell other food products using trade secrets developed by the Plaintiffs.

58.    As confirmed by paragraph 5 of the Forbearance Agreements, System is "entitled to immediately file for judicial enforcement of the Franchise Agreement[s], the Sublicense[s]

and/or [the Forbearance] Agreement[s]."

COUNT I
(Breach of Contract)
(814 H. Street, NE. Washington, DC 20002)
(Mr. Rob and Beverage II)

58.     The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

59.     Pursuant to Paragraph 16 of the Franchise Agreement, Mr. Rob and Beverage II agreed to pay to System one percent (1%) of bimonthly gross sales for advertising.

60.     Pursuant to Paragraph 26 of the Franchise Agreement, Mr. Rob and Beverage II agreed to pay to System five percent (5%) of bimonthly gross sales in royalty fees.

61.     Pursuant to Paragraph 26, all royalty fees and advertising contributions amounts owed to Ledo bear interest after the due date at the rate of one and one-half percent (1.5%) per month.

62.     Pursuant to Paragraph 31.1 of the Franchise Agreement, Mr. Rob and Beverage II agreed to pay to System within seven (7) days after the termination such royalty fees, advertising contributions and other charges as have or will become due.

63.     The contractual obligation of Mr. Rob and Beverage II to pay advertising and royalty fees is supported by the adequate consideration of the many benefits that Mr. Rob and Beverage II enjoyed under the Franchise Agreement.

64.     Mr. Rob and Beverage II owe System advertising fees and royalty fees.  In addition, Mr. Rob and Beverage II owed System $5,120.22 for outstanding invoices due pursuant to the terms of the Franchise Agreement.[1]

65.     Pursuant to paragraph 31.1 of the Franchise Agreement and upon termination of the

---

[1] Mr. Rob and Beverage II have successfully paid the outstanding invoices. However, the payments were made in an untimely manner and therefore Defendants remained in default under the Franchise Agreement.

Franchise Agreement for *any* reason, Mr. Rob and Beverage II agreed to immediately return to System all copies of the Operating Manual which have been lent to it by System.

66.     Mr. Rob and Beverage II have failed to timely and fully pay royalty fees and advertising fees, among other charges that are past due and owing.

67.     Pursuant to paragraph 31.1 of the Franchise Agreement and upon termination of the Franchise Agreement for *any* reason, Mr. Rob and Beverage II agreed to notify the telephone company and all listing agencies of the termination or expiration of the Franchisee's right to use all telephone numbers and all classified and other directory listings and to authorize same to transfer to System or its designee, all telephone numbers and directory listings of the H. Street Business.

68.     Mr. Rob and Beverage II have failed to transfer the telephone numbers and directory listings of the H. Street Business.

69.     Pursuant to paragraph 31.1 of the Franchise Agreement and upon termination of the Franchise Agreement for *any* reason, Mr. Rob and Beverage II agreed to not directly or indirectly in any manner identify itself, the H. Street Business Premises, or any business of the Defendants as a Ledo Pizza® franchise location, a former Ledo Pizza® franchise location, or a franchisee of or otherwise associated with Ledo Pizza® or use in any manner for any purpose any Mark or other indicia of a Ledo Pizza® franchise location.

70.     The Defendants have failed to take any action to de-identify the H Street Business Premises as a Ledo Pizza® Store.

71.     Pursuant to paragraph 33.2 of the Franchise Agreement, the Defendants agreed not to, for a period of two (2) years, sell food or related products at the H. Street Business Premises or within ten miles thereof.

72.     The contractual obligation to cease selling pizza and other related products and to take the actions required by paragraph 31.1 is supported by the adequate consideration of the many benefits Mr. Rob and Beverage II enjoyed under the Franchise Agreement.

73.     Upon information and belief, by failing to pay royalty fees, advertising fees and other charges; failing to return the Operations Manual; failing to transfer the H. Street Business' listing and telephone numbers to System; failing make such reasonable modifications in the exterior and interior decor as required by System; using a menu containing  the same menu items sold at other Ledo Pizza® franchise locations; producing and selling pizza and related food products using trade secrets developed by the Plaintiffs; identifying the H. Street Business as a Ledo Pizza® franchise and continuing to sell pizza and related food products, Mr. Rob and Beverage II have breached the Franchise Agreement.

74.     The foregoing breaches by Mr. Rob and Beverage II of the Franchise Agreement have actually damaged the Plaintiffs.

75.     Section 33.2 of the Franchise Agreement provides that in the event of a breach of the provisions set forth in that paragraph, System will be entitled to receive liquidated damages in the amount of One Hundred Thousand Dollars ($100,000.00).

76.     Pursuant to Section 39.3 of the Franchise Agreement, Mr. Rob and Beverage II agreed to pay all of Systems' costs, including reasonable attorney's fees, incurred in any action brought to enforce the Franchise Agreement.

WHEREFORE, the Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Ltd., requests judgment against the Defendants, Mr. Rob and Beverage II, in an amount greater than $75,000.00 to be determined at trial, plus pre-judgment interest, post-judgment interest, costs of suit, attorneys' fees, and such other and further relief as the nature of its cause may require.

<u>COUNT II</u>
(Breach of Contract)
(1400 Irving Street, NW #109, Washington, DC 20010)
(Mr. Rob and Beverage III)

77.     The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

78.     Pursuant to Paragraph 16 of the Second Franchise Agreement, Mr. Rob and Beverage III agreed to pay to System one percent (1%) of bimonthly gross sales for advertising.

79.     Pursuant to Paragraph 26 of the Second Franchise Agreement, Mr. Rob and Beverage III agreed to pay to System five percent (5%) of bimonthly gross sales in royalty fees.

80.     Pursuant to Paragraph 26, all royalty fees and advertising contributions amounts owed to Ledo bear interest after the due date at the rate of one and one-half percent (1.5%) per month.

81.     Pursuant to Paragraph 31.1 of the Second Franchise Agreement, Mr. Rob and Beverage III agreed to pay to System within seven (7) days after the termination such royalty fees, advertising contributions and other charges as have or will become due.

82.     The contractual obligation of Mr. Rob and Beverage III to pay advertising and royalty fees is supported by the adequate consideration of the many benefits that Mr. Rob and Beverage III enjoyed under the Second Franchise Agreement.

83.     Mr. Rob and Beverage III owe System advertising fees and royalty fees.   In addition, Mr. Rob and Beverage III owed System $3,241.60 for outstanding invoices due pursuant to the terms of the Second Franchise Agreement. [2]

84.     Pursuant to paragraph 31.1 of the Second Franchise Agreement and upon termination of the Second Franchise Agreement for *any* reason, Mr. Rob and Beverage III agreed

---

[2] Mr. Rob and Beverage III have successfully paid the outstanding invoices. However, the payments were made in an untimely manner and therefore Defendants remained in default under the Franchise Agreement.

to immediately return to System all copies of the Operating Manual which have been lent to it by System.

85.     Mr. Rob and Beverage III have failed to timely and fully pay royalty fees, advertising fees, and among other charges that are past due and owing.

86.     Pursuant to paragraph 31.1 of the Second Franchise Agreement and upon termination of the Second Franchise Agreement for *any* reason, Mr. Rob and Beverage III agreed to notify the telephone company and all listing agencies of the termination or expiration of the Franchisee's right to use all telephone numbers and all classified and other directory listings and to authorize same to transfer to System or its designee, all telephone numbers and directory listings of the Irving Street Business.

87.     Mr. Rob and Beverage III have failed to transfer the telephone numbers and directory listings of the Irving Street Business.

88.     Pursuant to paragraph 31.1 of the Second Franchise Agreement and upon termination of the Second Franchise Agreement for *any* reason, Mr. Rob and Beverage III agreed to not directly or indirectly in any manner identify itself, the Irving Street Business Premises, or any business of the Mr. Rob and Beverage III as a Ledo Pizza® franchise location, a former Ledo Pizza® franchise location, or a franchisee of or otherwise associated with Ledo Pizza® or use in any manner for any purpose any Mark or other indicia of a Ledo Pizza® franchise location.

89.     Mr. Rob and Beverage III have failed to take any action to de-identify the Irving Street Business Premises as a Ledo Pizza® Store.

90.     Pursuant to paragraph 33.2 of the Second Franchise Agreement, Mr. Rob and Beverage III agreed not to, for a period of two (2) years, sell food or related products at the Irving Street Business Premises or within ten miles thereof.

91.     The contractual obligation to cease selling pizza and other related products and to take the actions required by paragraph 31.1 is supported by the adequate consideration of the great benefits Mr. Rob and Beverage III enjoyed under the Second Franchise Agreement.

92.     Upon information and belief, by failing to pay royalty fees, advertising fees and other charges; failing to return the Operations Manual; failing to transfer the Irving Street Business' listing and telephone numbers to System; failing make such reasonable modifications in the exterior and interior decor as required by System; using a menu containing  the same menu items sold at other Ledo Pizza® franchise locations; producing and selling pizza and related food products using trade secrets developed by the Plaintiffs; identifying the Irving Street Business as a Ledo Pizza® franchise and continuing to sell pizza and related food products, Mr. Rob and Beverage III have breached the Second Franchise Agreement.

93.     The foregoing breaches by Mr. Rob and Beverage III of the Second Franchise Agreement have actually damaged the Plaintiffs.

94.     Section 33.2 of the Second Franchise Agreement provides that in the event of a breach of the provisions set forth in that paragraph, System will be entitled to receive liquidated damages in the amount of One Hundred Thousand Dollars ($100,000.00).

95.     Pursuant to Section 39.3 of the Second Franchise Agreement, Mr. Rob and Beverage III agreed to pay all of Systems' costs, including reasonable attorney's fees, incurred in any action brought to enforce the Second Franchise Agreement.

WHEREFORE, the Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Ltd., requests judgment against the Defendants, Mr. Rob and Beverage III, in an amount greater than $75,000 to be determined at trial, plus pre-judgment interest, post-judgment interest, costs of suit, attorneys' fees, and such other and further relief as the nature of its cause may require.

16

<u>COUNT III</u>
(Request for Specific Performance)
(814 H. Street, NE. Washington, DC 20002)
(Mr. Rob and Beverage II)

96.     The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

97.     The requirement that Mr. Rob and Beverage II immediately return to System all copies of the Operating Manual which have been lent to them by System as required by paragraph 31.2 of the Franchise Agreement is necessary for the Plaintiffs to protect the trade secrets they have developed.

98.     The requirement that the Defendants notify the telephone company and all listing agencies of the termination or expiration of the Franchisee's right to use all telephone numbers and all classified and other directory listings and authorize same to transfer to System or its designee, all telephone numbers and directory listings of the H. Street Business is necessary to prevent the Plaintiffs from loss of goodwill and control of its reputation while a new franchisee is sought for the area.

99.     The requirement that Mr. Rob and Beverage II not directly or indirectly in any manner identify itself, the H. Street Business Premises, or any business of Mr. Rob and Beverage II as a Ledo Pizza® franchise location, a former Ledo Pizza® franchise location, or a franchisee of or otherwise associated with Ledo Pizza® or use in any manner for any purpose any Mark or other indicia of a Ledo Pizza® franchise location is necessary to prevent confusion among customers as to the nature and origin of the products and services to be provided by Mr. Rob and Beverage II following the termination.

100.    As the Franchise Agreement has been terminated by System, it is likely that System will be successful on the merits of its claims against Mr. Rob and Beverage II with respect to their post-termination requirements under paragraphs 31.1 of the Franchise Agreement.

101.    The two-year cessation of food sales at the former site of a Ledo Pizza franchise site is of critical importance to the integrity of the Ledo Pizza® Trademark/Tradename.  Any pizza or other related food product not measuring up to the Ledo Pizza® standard that is sold at a former site of a Ledo Pizza franchise is likely to be confused by the public as a departure from excellence by the entire Ledo Pizza® system.

102.    The requirement of two year's cessation of selling food and other related products is carefully limited to the narrowest possible scope to protect the interest of the Ledo Pizza® trademark/tradename.

103.    Mr. Rob and Beverage II's failure or refusal to complete the acts required by paragraph 31.1 of the Franchise Agreement and the sale by Mr. Rob and Beverage II of food and related products; the similarity of the overall appearance of the premises operated by Mr. Rob and Beverage II to other Ledo Pizza stores; and the similarities of the contents of Mr. Rob and Beverage II's menu to the menu offered at other Ledo Pizza stores will cause confusion to potential customers of the Plaintiffs, loss of goodwill and control of Plaintiffs' reputation and, consequently, loss of profits to the Plaintiffs.

104.    Such damages are difficult to measure and are irreparable.

105.    The Plaintiffs' have no adequate remedy at law.

106.    There is no likelihood that an award of substitute damages could be collected.

107.    The breaches of paragraphs 31.2 and 33.2 of the Franchise Agreements by the Defendants were intentional and willful acts, and any likely harm to the Defendants caused by enforcing the post-termination covenants should be given little weight.

108.    The public interest favors requiring parties to abide by the terms of their contracts and to protect consumers from the confusion created by Mr. Rob and Beverage II's unauthorized

use of the Plaintiffs' trade dress and trade secrets.

WHEREFORE, the Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Ltd.,

request judgment against the Defendants, Mr. Rob and Beverage II, in an amount to be determined

at trial, plus pre-judgment interest, post-judgment interest, costs of suit, attorneys' fees, and further

request this Honorable Court to enforce the following requirements of the Agreement:

i.     Cessation of operations as a food or related products carryout business for a period of two years at the H. Street Business premises;

ii.    Return of all copies of the Ledo Pizza Operating Manual;

iii.   Cancellation of all assumed names or equivalent registrations relating to the use of any mark used pursuant to the Franchise Agreement;

iv.    Notification of the telephone company and all listing agencies, including classified and other directory listings, of the termination of the Defendants' right to use any Ledo Pizza trademark or trade dress;

v.     Authorization of the telephone company and all listing agencies to transfer all telephone numbers and directory listings to Ledo Pizza System;

vi.    Removal of all signs and other interior and exterior decor associated with Ledo Pizza System's trademark or trade dress; and

vii.   Cessation of the use of trade secrets developed by the Plaintiffs; and

viii.  Further requests this Honorable Court to grant such other and further relief as the nature of its cause may require.

<u>COUNT IV</u>
(Request for Specific Performance)
(1400 Irving Street, NW #109 Washington, DC 20010)
(Mr. Rob and Beverage III)

109.   The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

110.   The requirement that Mr. Rob and Beverage III immediately return to System all

copies of the Operating Manual which have been lent to them by System as required by paragraph

31.2 of the Second Franchise Agreement is necessary for the Plaintiffs to protect the trade secrets

they have developed.

111.    The requirement that Mr. Rob and Beverage III notify the telephone company and all listing agencies of the termination or expiration of the Franchisee's right to use all telephone numbers and all classified and other directory listings and authorize same to transfer to System or its designee, all telephone numbers and directory listings of the Irving Street Business is necessary to prevent the Plaintiffs from loss of goodwill and control of its reputation while a new franchisee is sought for the area.

112.    The requirement that Mr. Rob and Beverage III not directly or indirectly in any manner identify itself, the Irving Street Business Premises, or any business of Mr. Rob and Beverage III as a Ledo Pizza® franchise location, a former Ledo Pizza® franchise location, or a franchisee of or otherwise associated with Ledo Pizza® or use in any manner for any purpose any Mark or other indicia of a Ledo Pizza® franchise location is necessary to prevent confusion among customers as to the nature and origin of the products and services to be provided by Mr. Rob and Beverage III following the termination.

113.    As the Second Franchise Agreement has been terminated by System, it is likely that System will be successful on the merits of its claims against Mr. Rob and Beverage III with respect to their post-termination requirements under paragraphs 31.1 of the Second Franchise Agreement.

114.    The two-year cessation of food sales at the former site of a Ledo Pizza franchise site is of critical importance to the integrity of the Ledo Pizza® Trademark/Tradename.  Any pizza or other related food product not measuring up to the Ledo Pizza® standard that is sold at a former site of a Ledo Pizza franchise is likely to be confused by the public as a departure from excellence by the entire Ledo Pizza® system.

115.    The requirement of two year's cessation of selling food and other related products

is carefully limited to the narrowest possible scope to protect the interest of the Ledo Pizza®
trademark/tradename.

116.     Mr. Rob and Beverage III's failure or refusal to complete the acts required by
paragraph 31.1 of the Second Franchise Agreement and the sale by Mr. Rob and Beverage III of
food and related products; the similarity of the overall appearance of the premises operated by Mr.
Rob and Beverage III to other Ledo Pizza stores; and the similarities of the contents of Mr. Rob
and Beverage III's menu to the menu offered at other Ledo Pizza stores will cause confusion to
potential customers of the Plaintiffs, loss of goodwill and control of Plaintiffs' reputation and,
consequently, loss of profits to the Plaintiffs.

117.     Such damages are difficult to measure and are irreparable.

118.     The Plaintiffs' have no adequate remedy at law.

119.     There is no likelihood that an award of substitute damages could be collected.

120.     The breaches of paragraphs 31.2 and 33.2 of the Second Franchise Agreements by
the Defendants were intentional and willful acts, and any likely harm to the Defendants caused by
enforcing the post-termination covenants should be given little weight.

121.     The public interest favors requiring parties to abide by the terms of their contracts
and to protect consumers from the confusion created by Mr. Rob and Beverage III's unauthorized
use of the Plaintiffs' trade dress and trade secrets.

WHEREFORE, the Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Ltd.,
request judgment against the Defendants, Mr. Rob and Beverage III, in an amount to be determined
at trial, plus pre-judgment interest, post-judgment interest, costs of suit, attorneys' fees, and further
request this Honorable Court to enforce the following requirements of the Second Franchise
Agreement:

i.      Cessation of operations as a food or related products carryout business for a period of two years at the Irving Street Business premises;

ii.     Return of all copies of the Ledo Pizza Operating Manual;

iii.    Cancellation of all assumed names or equivalent registrations relating to the use of any mark used pursuant to the Second Franchise Agreement;

iv.     Notification of the telephone company and all listing agencies, including classified and other directory listings, of the termination of the Defendants' right to use any Ledo Pizza trademark or trade dress;

v.      Authorization of the telephone company and all listing agencies to transfer all telephone numbers and directory listings to Ledo Pizza System;

vi.     Removal of all signs and other interior and exterior decor associated with Ledo Pizza System's trademark or trade dress; and

vii.    Cessation of the use of trade secrets developed by the Plaintiffs; and

viii.   Further requests this Honorable Court to grant such other and further relief as the nature of its cause may require.

<u>COUNT VI</u>
(Unfair Competition, False Designation of Origin)
(814 H. Street NE, Washington, DC 20002)
(Mr. Rob and Beverage II)

122.    The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

123.    This action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127, which is commonly referred to as the "Lanham Act."

124.    The Carryouts registered the trademark, "LEDO PIZZA®" with the USPTO.

125.    By virtue of its use of the name, Carryouts also has a common law right to the exclusive use of the name.

126.    Ledo Pizza® products and services are delivered to the public under a uniform business format utilizing specially designed equipment, methods, procedures and designs at Ledo Pizza® franchise locations.

127.    Each Ledo Pizza® franchise location is required to be constructed, furnished, equipped and decorated in accordance with the requirements set forth in the Ledo Pizza® Construction Manual.

128.    System prescribes a certain image for franchises licensed to sell Ledo Pizza® and the Proprietary Products.

129.    The overall lay-out, design and décor of each Ledo Pizza Store is intended to create a clean, family atmosphere and creates a distinctive visual impression, identifying the location as a Ledo Pizza® franchise location.

130.    The design and décor of locations selling Ledo Pizza® and the Proprietary Products is inherently distinctive and identifies the food and related products and services sold at Ledo Pizza stores a coming from the Plaintiffs' federally registered trademark/servicemark, Ledo Pizza® and is subject to protection under Section 43(a) of the Lanham Act.

131.    The total image of a Ledo Pizza® franchise, including the general appearance of the exterior, the identifying signs, the kitchen floor plan, the décor, the menu, the server's uniforms and other features constitute the "trade dress" associated with the Ledo Pizza® trademark/servicemark.

132.    The trade dress associated with the "LEDO PIZZA®" trademark may be used only by the Plaintiffs or by the Plaintiffs' permission.

133.    Termination of the Franchise Agreement, and the expiration of Forbearance Agreements, revoked Mr. Rob and Beverage II's permission to use Plaintiffs' trademark, trade dress, and trade secrets.

134.    Applicable trademark laws require that the Plaintiffs affirmatively act to protect the trademark and trade dress.

135.     Following the termination of the Franchise Agreement, and expiration of the Forbearance Agreements, Mr. Rob and Beverage II did not remove signs displaying the name "Ledo Pizza®" and made no attempt to make any modifications to the H. Street Business premises so as to de-identify the premises as a present or former Ledo Pizza® franchise location.

136.     The trade dress used at Mr. Rob and Beverage II's business is confusingly similar to the trade dress of Ledo Pizza® used at other Ledo Pizza® franchise locations.

137.     Mr. Rob and Beverage II use of the Plaintiffs' service mark, trademark and trade dress is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Mr. Rob and Beverage II's business with Ledo Pizza®, or as to the origin, sponsorship or approval of Mr. Rob and Beverages II's goods, services or commercial activities among potential patrons of the Plaintiffs and their licensees and franchisees.

138.     The use of the Plaintiffs' service mark, trademark and trade dress constitutes a clear and unequivocal infringement of the Plaintiffs' service mark, trademark and trade dress.

139.     Mr. Rob and Beverage II's activities violate the express provisions of 15 U.S.C. § 1125(a).

WHEREFORE, the Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Ltd., request that this Honorable Court to preliminarily and permanently enjoin the Defendants, Mr. Rob and Beverage II from selling under the protected trademark and trade dress, or operating or advertising as "LEDO PIZZA" or any derivation thereof, and grant such other and further relief as the nature of its cause may require.

<u>COUNT VII</u>
(Unfair Competition, False Designation of Origin)
(1400 Irving Street, NW #109, Washington DC 20010)
(Mr. Rob and Beverage III)

140.     The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

141.    This action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127, which is commonly referred to as the "Lanham Act."

142.    The Carryouts registered the trademark, "LEDO PIZZA®" with the USPTO.

143.    By virtue of its use of the name, Carryouts also has a common law right to the exclusive use of the name.

144.    Ledo Pizza® products and services are delivered to the public under a uniform business format utilizing specially designed equipment, methods, procedures and designs at Ledo Pizza® franchise locations.

145.    Each Ledo Pizza® franchise location is required to be constructed, furnished, equipped and decorated in accordance with the requirements set forth in the Ledo Pizza® Construction Manual.

146.    System prescribes a certain image for franchises licensed to sell Ledo Pizza® and the Proprietary Products.

147.    The overall lay-out, design and décor of each Ledo Pizza Store is intended to create a clean, family atmosphere and creates a distinctive visual impression, identifying the location as a Ledo Pizza® franchise location.

148.    The design and décor of locations selling Ledo Pizza® and the Proprietary Products is inherently distinctive and identifies the food and related products and services sold at Ledo Pizza stores a coming from the Plaintiffs' federally registered trademark/servicemark, Ledo Pizza® and is subject to protection under Section 43(a) of the Lanham Act.

149.    The total image of a Ledo Pizza® franchise, including the general appearance of the exterior, the identifying signs, the kitchen floor plan, the décor, the menu, the server's uniforms and other features constitute the "trade dress" associated with the Ledo Pizza®

trademark/servicemark.

150.     The trade dress associated with the "LEDO PIZZA®" trademark may be used only by the Plaintiffs or by the Plaintiffs' permission.

151.     Termination of the Second Franchise Agreement, and the expiration of Forbearance Agreements, revoked Mr. Rob and Beverage III's permission to use Plaintiffs' trademark, trade dress, and trade secrets.

152.     Applicable trademark laws require that the Plaintiffs affirmatively act to protect the trademark and trade dress.

153.     Following the termination of the Second Franchise Agreement, and expiration of the Forbearance Agreements, Mr. Rob and Beverage III did not remove signs displaying the name "Ledo Pizza®" and made no attempt to make any modifications to the Irving Street Business premises so as to de-identify the premises as a present or former Ledo Pizza® franchise location.

154.     The trade dress used at Mr. Rob and Beverage III's business is confusingly similar to the trade dress of Ledo Pizza® used at other Ledo Pizza® franchise locations.

155.     Mr. Rob and Beverage III use of the Plaintiffs' service mark, trademark and trade dress is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Mr. Rob and Beverage III's business with Ledo Pizza®, or as to the origin, sponsorship or approval of Mr. Rob and Beverages III's goods, services or commercial activities among potential patrons of the Plaintiffs and their licensees and franchisees.

156.     The use of the Plaintiffs' service mark, trademark and trade dress constitutes a clear and unequivocal infringement of the Plaintiffs' service mark, trademark and trade dress.

157.     Mr. Rob and Beverage III's activities violate the express provisions of 15 U.S.C. § 1125(a).

WHEREFORE, the Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Ltd., request that this Honorable Court to preliminarily and permanently enjoin the Defendants, Mr. Rob and Beverage III from selling under the protected trademark and trade dress, or operating or advertising as "LEDO PIZZA" or any derivation thereof, and grant such other and further relief as the nature of its cause may require.

COUNT VIII
(Common Law Unfair Competition
and Trade Name Infringement)
(814 H. Street NE. Washington, DC 20002)
(Mr. Rob and Beverage II)

158.    The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

159.    By virtue of the foregoing acts, Mr. Rob and Beverage II have engaged in unfair competition with the Plaintiff.

160.    Mr. Rob and Beverage II have violated the Plaintiffs' exclusive common law right to trade as "Ledo Pizza®", including the trade dress associated therewith and any analogous derivation thereof.

WHEREFORE, the Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Ltd., request that this Honorable Court award the Plaintiffs' costs and attorneys' fees, and further request this Honorable Court to preliminarily and permanently enjoin Mr. Rob and Beverage II from selling under the protected trademark and trade dress, or operating or advertising as "Ledo Pizza®" or any derivation thereof, and grant such other and further relief as the nature of its cause may require.

COUNT IX
(Common Law Unfair Competition
and Trade Name Infringement)
(1400 Irving Street, NW #109, Washington DC 20010)
(Mr. Rob and Beverage III)

161.    The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

162.    By virtue of the foregoing acts, Mr. Rob and Beverage III have engaged in unfair competition with the Plaintiff.

163.    Mr. Rob and Beverage III have violated the Plaintiffs' exclusive common law right to trade as "Ledo Pizza®", including the trade dress associated therewith and any analogous derivation thereof.

WHEREFORE, the Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Ltd., request that this Honorable Court award the Plaintiffs' costs and attorneys' fees, and further request this Honorable Court to preliminarily and permanently enjoin Mr. Rob and Beverage III from selling under the protected trademark and trade dress, or operating or advertising as "Ledo Pizza®" or any derivation thereof, and grant such other and further relief as the nature of its cause may require.

I solemnly affirm under the penalties of perjury that the contents of the foregoing Complaint are true to the best of my knowledge, information and belief.

James B. Beall, President
Ledo Pizza System, Inc.

28

Respectfully submitted,



By: /s/ *Brent M. Ahalt*

Brent M. Ahalt, Bar No. 13741
McNamee Hosea, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
Phone: 301-441-2420
Fax:    301-982-9450
bahalt@mhlawyers.com
*Attorneys for Plaintiffs*